IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FOSHEE MANAGEMENT COMPANY, LLC, *as agent of owner,* *doing business as Hillcrest Estates*, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:20-00441-JB-N |
| GEREMY FINCH, Defendant. | ) ) ) | |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] This case was removed to this Court from the District Court of Mobile County, Alabama, under 28 U.S.C. § 1441(a) by the Defendant, Geremy Finch, who is proceeding without counsel (*pro se*). Finch's notice of removal (Doc. 1) asserts federal question jurisdiction under 28 U.S.C. § 1331 as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410.  "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*  *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410.

States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted).

As noted previously, Finch only alleges subject matter jurisdiction based on § 1331, which vests federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." *Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "Under the longstanding well-pleaded complaint rule, … a suit 'arises under' federal law only

when the plaintiff's statement of his own cause of action shows that it is based upon federal law. Federal jurisdiction cannot be predicated on an actual or anticipated defense … Nor can federal jurisdiction rest upon an actual or anticipated counterclaim … [C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 62, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) (citation and quotation omitted). *Accord, e.g.*, *Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question.").

Here, the Plaintiff's complaint, filed on a State of Alabama form "Statement of Claim" for "Eviction/Unlawful Detainer" (Doc. 1, PageID.7), demands the right to possession of an apartment in Mobile, Alabama, from Finch, as well as $1,503.84 plus court costs for unpaid rent, late charges, and "other charges," and future such damages accruing through the date the Plaintiff obtains possession of the apartment. Nothing on the face of the complaint evidences the presence of a federal cause of action. Finch claims that the Court should dismiss this "artful pleading" and find federal question jurisdiction because the "[p]leadings intentionally fails [sic] to allege compliance with the Civil Rights Act of 1968." (Doc. 1, PageID.2, ¶ 6).

"If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). However, the "artful pleading" doctrine only "allows removal where federal law completely preempts a plaintiff's state-law claim."

*Id.* Nevertheless, the United States Supreme Court has also held that federal question jurisdiction can be had over a state-law claim where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363 (2005). However, the Court has also recognized that this exception applies to a "slim category" of cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006).

Here, whether the Plaintiff is in compliance with the Civil Rights Act of 1968 is not a necessary component its eviction/unlawful detainer claims. Moreover, there is no indication that the Act completely preempts the Plaintiff's claims, or that those claims raise an issue under the Act that is "actually disputed and substantial" – indeed, Finch does not even identify a provision of the Act that the Plaintiff is purportedly not compliant with. Rather, Finch's assertions that "the rights of *the Defendants* are clearly at stake" (Doc. 1, PageID.2, ¶ 8 (emphasis added)), and that he "is a members [sic] of a protected class for whom the statute, the 'Civil Rights Act of 1968' was created" (*id.*, PageID.3, ¶ 10), support a determination that Finch's claim of federal question jurisdiction is based on anticipated defenses and/or counterclaims under the Act that he, as the defendant to the complaint, intends to assert. As the above case law makes clear, those anticipated defenses and counterclaims, even if based on federal law, do not provide a basis for federal question jurisdiction.[2]

---

[2] Rather than pay the removal filing fee, *see* 28 U.S.C. § 1914(a)-(b) ("The clerk of each district court shall require the parties instituting any civil action, suit or

By order dated and entered September 23, 2020, the undersigned explained the foregoing jurisdictional defects to Finch and allowed him until October 14, 2020, "to file any briefing and other materials showing cause why the Court should not remand this action *sua sponte* for lack of subject matter jurisdiction for th[ose] reasons…" (Doc. 4). To date, Finch has filed nothing in response to that order. Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court find Finch's motion to proceed without prepayment of fees (Doc. 2) **MOOT** and **REMAND** this case *sua sponte* to the District Court of Mobile County, Alabama, for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**DONE** this the 20th day of October 2020.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5 … The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."), Finch moved has moved to waive prepayment of that fee under 28 U.S.C. § 1915 (*see* Doc. 2). The timely payment of a filing fee as required by § 1914 is not a jurisdictional prerequisite. *See Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (citing *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978), *overruled on other grounds*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)); *Casanova v. Dubois*, 304 F.3d 75, 80 & n.7 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." (citing *Wrenn*, 575 F.2d at 547)). In light of the recommendation herein that this case be remanded for lack of subject-matter jurisdiction, Finch's motion to proceed without prepayment of fees (Doc. 2) is due to be found **MOOT**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.